WILLIAM H. UNDERWOOD, Respondent, *v.* THE FARMERS' JOINT STOCK INSURANCE COMPANY, Appellant.

*It seems* that, unless there is some consideration for the waiver of a condition precedent contained in a contract, or some valid modification of the contract, there can be no waiver of such condition, except an element of estoppel appears in the case. While the party bound to perform has still time and opportunity for so doing, if something be said or done by the other party by which the former is induced to believe that the condition is waived or that strict compliance will not be insisted upon, the latter is estopped from claiming non-performance of the condition; but an estoppel cannot be founded on facts occurring after forfeiture of the contract, because of non-performance.

*Owen* v. *F. J. S. Ins. Co.* (57 Barb., 518) questioned.

A policy of insurance contained a condition that the insured, in case of loss, should, within ten days thereafter, deliver to the company a verified account thereof. In an action upon the policy, it appeared that no account was delivered until a month after the loss. Plaintiff claimed a waiver of the condition, and gave evidence that, three days after the fire, an authorized agent of the company directed him to wait for a few days

Statement of case.

when he would call with the general agent and make affidavits and "straighten the matter up;" and that, in about a month, the two agents came and an affidavit giving an account of the loss was made by him and received by them. The agent, however, testified that he told plaintiff he would call and look the matter over during the week and if he found it right the company would pay, and that nothing was said about the general agent or about making out the papers; and that within the week he did call, and after examination notified the plaintiff that there were suspicious circumstances about the fire which he must explain before the company would pay; that the affidavit subsequently drawn was not for the purpose of a compliance with the condition, but to enable them to look into the cause of the fire. The trial court ruled that, as matter of law, there was a waiver, and refused to submit the question to the jury. *Held*, error.

(Submitted January 17, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment entered for plaintiff upon the verdict of a jury.

This action was brought upon a policy of insurance issued by defendant to plaintiff upon a barn and property therein, situated in Onondaga county.

The property was destroyed by fire in July, 1868. One of the conditions annexed to the policy of insurance was that the insured should, in case of loss, forthwith give notice to the secretary of the company, and within ten days after such loss deliver in a particular account of such loss, signed and verified.

Two defences were set up in the answer and relied upon on the trial: that the verified account of the loss was not delivered within the ten days, and that the plaintiff himself set fire to the property insured.

Other facts appear sufficiently in the opinion.

*Pratt, Mitchell & Brown* for the appellant. The court erred in refusing to nonsuit plaintiff. (34 Barb., 213.) Selover, defendant's local agent, had no power to bind defendant by his statements after the loss, or to waive the seventh condition of the policy. (16 Barb., 316; 13 id., 246; 24 id.,

25; 1 Hill, 572; 4 Wend., 392; 7 id., 281; 17 N. Y., 131; 5 Duer, 393.)

*A. P. Smith* for the respondent. The affidavit drawn by defendant's general agent and sworn to by plaintiff was a full compliance with the conditions annexed to the policy. (*Clark* v. *N. E. F. Ins. Co.*, 6 Cush., 342; *Underhill* v. *Agawam M. F. Ins. Co.*, id., 44 a ; *Bumstead* v. *Ins. Co.*, 2 Kern., 81.) The condition requiring proof of loss to be furnished in ten days was waived by defendant through its agent and secretary. (*Ames* v. *N. Y. U. Ins. Co.*, 14 N. Y., 253; *Trustees First Bap. Ch.* v. *Bklyn. F. Ins. Co.*, 19 id., 305; *Goit* v. *Nat. Pro. Ins. Co.*, 25 Barb., 189; *Owen* v. *Farmers' J. S. Ins. Co.*, 57 id., 518; *Sheldon* v. *At. F. and M. Ins. Co.*, 26 N. Y., 460; *Boehen* v. *Wmsburg. Ins. Co.*, 35 id., 131; 2 Greenl. Ev., 357, n. 2, and cases cited; *Bodle* v. *Chenango Co. M. Ins. Co.*, 2 Comst., 53; *Wood* v. *Pough. Ins. Co.*, 32 N. Y., 619; *Bumstead* v. *Mut. Ins. Co.*, 2 Kern., 81; *Post* v. *Etna Ins. Co.*, 43 Barb., 351; 25 Wend., 74, 379; 3 Comst., 122; 9 Barb., 191; 16 id., 254; *Francis* v. *Ocean Ins. Co.*, 6 Cow., 404; *Etna Ins. Co.* v. *Tyler*, 16 Wend., 402; *O'Neil* v. *Buff. F. Ins. Co.*, 3 Comst., 122; *Underhill* v. *Agawam F. Ins. Co.*, 6 Cush., 440; *Vos* v. *Robinson*, 9 J. R., 192; *Ripley* v. *Etna Ins. Co.*, 30 N. Y., 164; *Savage* v. *Ins. Co.*, 4 Bosw., 1; *Bk. of U. S.* v. *Davis*, 2 Hill, 451–461; *Ingalls* v. *Morgan*, 10 N. Y., 178–184; *McLaughlin* v. *Wash. Ins. Co.*, 23 Wend., 525; *Norton* v. *R. and S. Ins. Co.*, 7 Cow., 645; *Gilbert* v. *N. S. Ins. Co.*, 23 Wend., 43.)

EARL, C. Upon the trial, the judge submitted to the jury but one question of fact, to wit: whether the plaintiff, himself, set fire to the barn insured; and charged them to render a verdict for the plaintiff if they found that question in his favor. To this portion of the charge defendant's counsel excepted. It is not disputed that it was, by the policy, a condition precedent to plaintiff's right of recovery that he

should deliver to the company a verified account, in writing, of his loss, within ten days after the loss.   This condition was part of the contract of insurance; and effect should be fairly given to it as to every other part of the contract.   It is undisputed that no account of the loss was delivered to the defendant or any of its agents until about one month after the loss.   But the judge, at the trial, held, as matter of law, upon the evidence, that this condition had been waived by the defendant, and hence, that non-compliance with it on the part of the plaintiff did not defeat the action.   It therefore becomes necessary to examine the evidence upon the question. The plaintiff testified that, on Monday after the fire, which was on Friday night, he called upon one Selover, who was the agent of the defendant by whom the insurance was effected, and informed him of the fire, and asked him what he should do; and he told him to wait until the general agent came, and said that he would write to the general agent, and promised that he and the general agent would, in a few days, call upon him and make affidavits and straighten the matter up; that in about a month they came to him, and the general agent drew up an affidavit, which he verified, giving an account of the loss, and they took it; that they then left him, saying that upon their return they would straighten the matter up; that they returned in the afternoon of the same day and talked with the plaintiff, but did not adjust or pay the loss.   The plaintiff also proved that, about three weeks after this interview with the general agent, he caused another account of the loss to be drawn up and verified and sent to the secretary of the company, by whom it was returned with a notification that it was rejected, because, it was not made and delivered within the time required by the policy.   This was the first notification received by the plaintiff that he was in default for not delivering the verified account of his loss in time. Such is the case made by plaintiff upon this question; and if this had been all the evidence I think the judge might well have held, as matter of law, that the condition in question had been waived.   Selover was the local agent of the com-

pany who effected the insurance. The proof does not show what his precise powers were, but he testified that he had been allowed to adjust and pay losses without first consulting the company, and that he had taken a large amount of insurance for it; and he seems to have acted for the company in reference to this loss, with its knowledge and sanction. It is proper, therefore, to hold that the company would be bound by what he said and did in reference to settling and paying this loss, as detailed in the evidence of the plaintiff. This agent, when informed of the fire and asked by the plaintiff what to do, told him to wait until the general agent came, and that he and the general agent would be along in a few days and draw the affidavit and straighten the matter up. The plaintiff had the right to infer from this that he had nothing more to do until the general agent came, and that his affidavit giving an account of his loss would then be drawn and be in time.

But the most material part of this evidence is contradicted. Selover testified that plaintiff called upon him at the time mentioned, and notified him of the fire; that after inquiring as to the circumstances of the fire and expressing his suspicions about it, he told him that he would call and look the matter over during the week, and if he found it fair and square the company would pay; if otherwise, not. He denied that he said a word about the general agent, or about making out the papers, or that he promised to make them out. He testified that on the Thursday following—less than a week from the time of the fire—he did call upon the plaintiff in reference thereto, told him that the matter looked bad; that he was accused of burning the barn, and that he must account for his whereabouts on the night of the fire, before the company would pay; that, in about four weeks after this, he and the general agent called upon the plaintiff and asked him to go to a justice of the peace and make an affidavit, as the matter looked suspicious, and they wanted to pry into it; that he went with them and made the affidavit, which, although not literally, was substantially, except as to

time, a compliance with the condition annexed to the policy; that they then told him that they did not feel safe in paying him a dollar, and could not do it with propriety, · but that they would pay him $200 rather than go to law about it. The judge was asked to charge the jury, substantially, if they believed this evidence of Selover, that the action was successfully defended; and he refused, and to his refusal defendant's counsel excepted. I think the learned judge erred in refusing this charge. There was conflict in the evidence, and as the judge disposed of the question as one of law, and refused to submit the evidence to the jury, we are bound to take that view of the evidence most favorable to the defendant which the jury might have taken. Taking the evidence of Selover, then, there was no compliance with the condition, and no waiver of it. He did nothing within the ten days to induce the plaintiff to believe that he was not bound to deliver the verified account of his loss within the time specified in the policy. What he did and said, on the contrary, showed that the company would scrutinize the loss, and, probably, contest it, and should have made the plaintiff scrupulous in a strict compliance with all the requirements of his policy. Instead of delivering his affidavit within the ten days, he waited about a month, until the local and general agents called upon him. They then drew an affidavit, not for the purpose of a compliance with the condition, but to enable them to pry into the cause of the fire, which they regarded as suspicious; and they then informed him that they could not pay the loss, except upon the compromise which they proposed. In drawing and keeping this affidavit there certainly was no waiver of the condition. The doctrine of estoppel lays at the foundation of the law, as to waiver. While one party has time and opportunity to comply with a condition precedent, if the other party does or says anything to put him off from his guard, and to induce him to believe that the condition is waived, or that a strict compliance with it will not be insisted on, he is afterward estopped from claiming non-performance of the condition. Unless there is some

consideration for a waiver or some valid modification of the agreement between the parties which contains the condition, I think there can be no waiver of a condition precedent, except there be in the case an element of estoppel. At the time when the affidavit was drawn the plaintiff had forfeited his rights under his policy. Nothing that was then said or done induced him in any way to forego any of his rights, or to omit the performance, on his part, of anything required by his policy; and, hence, furnished no estoppel against the defendant. In *Clark* v. *The New England Fire Ins. Co.* (6 Cushing, 342); *Underhill* v. *The Agawam M. F. Ins. Co.* (id., 440); *Bumstead* v. *The Dividend Mutual Ins. Co.* (12 N. Y., 81); *Post* v. *Ætna Ins. Co.* (43 Barb., 351); *Ames* v. *The N. Y. Union Ins. Co.* (14 N. Y., 253); *Trustees First Baptist Church* v. *Brooklyn Fire Ins. Co.* (19 id., 305), and all the other similar cases that have fallen under my observation, with one exception which will be hereafter noticed, the waiver claimed was based upon the conduct of the defendant or its agents, at a time when the plaintiff could have complied with the conditions. The true rule, I think, is laid down by MULLIN, J., in *Ripley* v. *The Ætna Ins. Co.* (30 N. Y., 136), as follows: "It seems to me that a waiver, to be operative, must be supported by an agreement founded on a valuable consideration; or, the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract or forfeiture of the condition;" and, in that case, there was held to be no waiver upon facts fully as significant as the undisputed facts in this case.

The case of *Owen* v. *Farmers' Joint Stock Insurance Company* (57 Barb., 518) is apparently in conflict with the views above expressed. That was an action against this same company, and the policy sued on contained the same condition as the one under consideration. In that case, the plaintiff was absent from home at the time of the fire, and the proof of loss was not delivered to the company within the ten days. But, more than a month after the fire, the agent of the company stated to a party interested in the policy that, it made

no difference, and that the proofs could be sent in after the return of the plaintiff; and they were sent in after his return, after a further delay of about six weeks. It was held, upon these facts, that the condition was waived. If all the facts in that case appear in the opinion, I cannot doubt that the court fell into error by not noticing the distinction between a waiver before forfeiture and one made afterward. In that case, there was no estoppel, as the plaintiff did not delay until after the ten days in consequence of anything said or done by defendant's agent. There was no consideration for the waiver, and no valid agreement to waive the condition. Although that case is said to have been affirmed in the Court of Appeals, the opinion of that court is not furnished, and we are unable to see the precise ground upon which the affirmance was based.

In this case, the facts should have been submitted to the jury, with proper instructions; and if they had found that, in consequence of what the defendant's agent said or did before the expiration of the ten days, as testified to by the plaintiff, he was induced to delay compliance with the condition until after that time, then there would have been a waiver of the condition, and non-compliance with it would have furnished no defence to the action. But my brethren are unwilling to express an opinion upon the doctrine of waiver as I have stated it, but concur with me in reversing the judgment, upon the ground that the judge erred in holding as a matter of law that the condition was waived, and that the evidence in reference thereto should have been submitted to the jury.

The judgment should be reversed, and new trial granted, costs to abide event.

All concur.

Judgment reversed.