Bradley, J.
The defendant was incorporated in 1881 pursuant to Laws of 1848, chapter 319, and the acts amendatory, and had power, which it exercised, to make by-laws, by which its membership was divided into two classes, known as class A, and “Assessment and Surplus Class.” In the case of death of a member in class A, it is provided the beneficiary will receive the ratio and net amount of one assessment not exceeding the amount represented in the certificate, and that the assessment of members be according to schedule, rates adopted by the board of trustees. It appears such assesment as of the time of the death of the member, Samuel E. Baker (whose membership was in class A), would produce net fifteen hundred dollars. But no assessment was in fact made, for the alleged reason that the member had by default in payment of his dues and assessments forfeited his right of membership, and his relation as such had ceased before his death. By his written application for membership by him subscribed, it was agreed that if he “neglected to pay any of the assessments or annual dues on or before the days on which they shall fall due, the contract shall become null and void, and all moneys which have been paid shall be forfeited to the society,” and agreed to be subject to the by-laws and regulations of the association, and to pay all dues and assessments until he should give notice of his wish to withdraw from the association. And by the certificate of date February 2, 1883, it was provided and agreed that the member should pay his dues and assessments within thirty days (which was afterwards made thirty-five days) from the date of notice. And in case the stipulation in the application and certificate should not be complied with, the certificate should cease and determine without notice and the payments made thereon forfeited to the defendant, and it not hable to pay the sum mentioned in certificate. The annual dues of this member were by his election payable in bi-monthly instalments. He paid his dues and assessments up to the end of the year 1883, the last of which was of November. It does not appear that he made any payments after that time, and the evidence tends to prove that he did not.
About the first of January, 1884, an assessment of $1.60 on account of death of a member, added to his instalment *656 of dues, made $2.10, of which the member was advised by notice, and the prescribed time for payment expired on February 6, 1884.
It is alleged that the default in the payment of this sum terminated his relation as member of the association; that he also defaulted on the dues of March 1, and May 1, 1884, of which he had notice, and his time for payment expired April 5, and June 5,1884, with the like effect upon his relation to the association. The main question litigated at the trial was whether the default had been waived by the defendant. The defendant by notice in the usual form of date March 1, 1884, notified the insured member of the amount of his dues and that the amount might be paid within thirty-five days. And a like notice of date May 1, 1884, was sent him by the defendant for his dues chargeable to him at that date, and a notice of assessment on account of the death o£ two members, $1.60, and of his dues, fifty cents, making $2.10, in the usual form, of date July 1. 1884, came from the defendant’s office, addressed to the member Baker, and was taken from the post office at Hornellsville, his place of residence, on July 8, 1884, the day before his death, by which he was notified to pay the amount within thirty-five days, which would expire as therein expressed August 5, and it contains the further statement that “Having no deaths we omitted our usual assessment for March and May. This includes all deaths reported to date.”
The secretary of the defendant testified that in an interview had with the member Baker about February 20,1884, in which reference was made to the January assessment, the latter said he rather thought he should let the insurance drop, and was then informed by the secretary that he was then in a state of lapse, and nothing would be paid the beneficiary if he should then die, but that he could be restored in the manner then mentioned. By letter of date May 20, 1884, the secretary advised the member that his assessment of January had not been paid, and added: “You make a great mistake in not keeping up the insurance. Let me hear from you by enclosed postal if you want to drop out.”
This was subsantially the situation at the time of the death of the member, so far as relates to communications between the defendant and him after the January assessment. The secretary says that the books of the association show that Baker was canceled on the January assessment, and that he made the entry in March; that about February 26, 1884, he wrote him that he was canceled, and enclqsed him a reinstatement blank, and that no entry of his July assessment was made on the books. And he farther says *657 that he had no knowledge that the notice of such assessment was sent to the member,
The evidence justified the conclusion that this notice was sent from the office of the defendant. It appears that the business of the association at the home office was under control and direction of the secretary, and that he has a beneficial relation to the defendant. And in view of the circumstances, including the letters and notices of later date already referred to, the question whether his recollection was entirely accurate in respect to the conversation, as testified to, had by him with Baker in February 1884, and as to the fact and time of the cancellation, was for the consideration of the jury And upon this question, the fact was before them that the defendant did not produce its books at the trial, although it had been requested by notice given by the plaintiff to do. so.
And a like remark is applicable to the evidence of the contents of the letter referred to of February, 1884, which was not nor was a copy of it produced at the trial. The provision of a life pohcy, declaring its forfeiture or invalidity and by reason of default in the stipulated periodical payments, is a condition precedent, which must be observed to support the contract of insurance. Roehner v. Knickerbocker Life Ins. Co., 63 N. Y., 160. The prompt payment, however, may be waived, and the right to treat the contract forfeited thus suspended. There has been_ some diversity of opinion in the courts as to the requisites of waiver after default has occurred. That some new consideration to support it as such was at one time suggested as necessary. Ripley v. Ætna Ins. Co. 30 N. Y. 136. And, this view is approved by the opinion of Earl, J., in Underwood v. Farmers Joint Stock Ins. Co. (57 N. Y. 500, 506 But the later cases are to the contrary. It must, therefore, be deemed established that no new consideration is needed in such case to constitute an effectual waiver. Prentice v. Knickerbocker Life Ins. Co., 77 N. Y., 483; Goodwin v. Mass. Life Ins. Co., 73 N. Y., 480; Brink v. Hanover F. Ins. Co., 80 N. Y., 108, 112; Titus v. Glens Falls Ins. Co., 81 N. Y., 410, 419. And by reference to the same cases it will be observed that technical estoppel is unnecessary to the support of such waiver. And in the Goodwin Case that of Underwood is limited and distinguished.
In Brown v. London Assurance Co. (40 Hun. 101), some remarks were made in the opinion not necessary to the result which, upon the facts, was deemed "supported. Devens v. M. and T. Ins. Co.. 83 N. Y., 168. In the case at bar the inference was permitted that the defendant in *658 tended to and did treat Baker as a member of the association and liable to pay his dues and assessments up to the time of his death. Reference has already been made to the provisions of the application, certificate and by-laws. While the first has a provision that the contract will become void on default in payment, it also contains an agreement to pay all dues and assessments until the member should give notice of his wish to withdraw. The second requires compliance with the stipulations in the application as a condition to its continued validity and effect.
The construction of the contract, in view of the provision of section 1 of article 11 of the by-laws, that the “member shall be held hable to the association for all dues and assessments until such time as he shall have given notice of his-desire to withdraw,” and the provision of section 1 of article 13 of the by-laws, that in case of neglect to pay any dues and assessments as required by the trustees, “such membership shall cease and determine at once without notice and all claims be forfeited to the association,” seems such that it is optional with the defendant to terminate or treat as terminated the relation as member of -one who is in default or' to continue him in the relation of membership and charge him with liability to pay dues and assessments until he gives notice of his purpose or desire to withdraw from the association. This appears to be the interpretation which harmonizes the two provisions referred to of the bylaws, which might otherwise appear somewhat contradictory to their import.
In the charge of the trial court the question whether the defendant effectually waived the prompt payment by the member of his dues and assessments was submitted to the jury, wfith instructions to the effect that if they should find that a certain state of facts was established, and which there was evidence. tending to prove, they would be justified in the conclusion that the alleged default in payment was waived and that Baker continued a member of the defendant to the time of his death. No exception was taken to-submission of this question as one of fact to the jury, or to any portion of the charge in that respect.
The defendant’s counsel, on this review, contends that there is no evidence of waiver by the defendant, because it has not the support of estoppel. This was not in any manner distinctly suggested at the trial. But at the close of the evidence on the part c£ the plaintiff the defendant moved for a non-suit on the ground that the evidence did not entitle the plaintiff to a verdict. And at the close of the evidence a like motion was made on the ground that there was not evidence enough to go to the jury, and that *659 the defendant was “ entitled to succeed upon the uncontradicted evidence.”
While these general grounds were broad enough to embrace every reason that existed upon the evidence in favor of such motions, the attention of the court was not by them necessarily called to the question now suggested. And it is questionable whether for that reason it can now be raised upon the exceptions taken to the denial of the motions. Thayer v. Marsh, 75 N. Y., 340; Langley v. Wadsworth, 99 id., 61. We are, however, inclined to think that there was sufficient evidence to properly present a question of fact for the jury in that respect, and to permit the conclusion that the defendant had intended to, and did, notwithstanding his default in payment, continue Baker a member of the association and his liability during his life to pay all dues and assessments of and after January, 1884, and thereby effectually waived his failure to make such payments promptly. And after his death, the plaintiff, as beneficiary, offered and tendered to the defendant (which was refused) the unpaid dues and assessments, of all which notices had been sent to the member prior to his death, and the time for payment of the last one had not then expired. The prescribed time for payment by the defendant is sixty days after satisfactory proof of death is furnished.
The fact that no such proofs were furnished in this case is made a question here. It appears that the plaintiff, a week after the death, sent a letter to the defendant advising it of the fact, and later he wrote again requesting the secretary of the defendant to send him blanks to make formal proof of the death. The secretary answered to the effect that if the board of trustees decided to pay the claim he would send blanks for proof, that he did not think they would so decide, but would lay the matter before them. The by-laws make it the duty of the secretary to furnish blanks for proofs of death. The blanks were not furnished. These facts were sufficient to constitute waiver of such proofs. Grattan v. Metropolitan Life Ins. Co., 80 N. Y., 281.
All the exceptions taken by the defendant’s counsel have been carefully considered. And no error seems to have been presented by any of them to the' prejudice of the defendant.
The judgment and order should be affirmed.
Smith, P. J., and Haight, J., concur.