(17 Misc. Rep. 61.)

WHEATFIELD v. BEAL.

(City Court of New York, General Term. May 23, 1896.)

CONTRACTS—WAIVER OF CONDITION.

Defendant, a general agent of a life insurance company, employed plaintiff to solicit insurance on commissions, the contract providing that the commissions should accrue only as the premiums were paid, and that no policy or premium receipt should be considered as settled for unless the premium should have been paid in cash. Plaintiff procured an application by one H., which was accepted, and a policy issued and delivered to H. by plaintiff. The premium was not paid at that time, because H. wished a different sort of policy. This was stated to defendant, who agreed to make the change, whereupon the policy was delivered to defendant, who made no objection to the nonpayment of premium. Afterwards H. was re-examined by the medical examiner, and the company refused to return the policy issued, or to give him a new one. *Held*, that defendant waived the condition of the contract as to payment of premiums, and plaintiff was entitled to recover his commission on the policy issued to H.

Appeal from trial term.

Action by Jacob H. Wheatfield against Byron A. Beal. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before McCARTHY, CONLAN, and SCHUCHMAN, JJ.

Alexander & Green, for appellant.
Secor & Page, for respondent.

McCARTHY, J.　This is an appeal from a judgment in favor of the plaintiff for $398.63, and from the order denying the motion for a new trial.　The action is to recover commission claimed to be due the plaintiff on the procuring of a policy of insurance on the life of one David Haas.　Plaintiff and defendant, on August 10, 1893, entered into a written contract embracing many provisions, the following being material to the issues here presented:

"This agreement, made the 9th day of August, 1893, between Byron A. Beal, of Brooklyn, county of Kings and state of New York, party of the first part, general agent of the Equitable Life Assurance Society of the United States, a corporation of the state of New York, and Jacob H. Wheatfield, of New York, county of New York, state of New York, party of the second part, witnesseth: That the said party of the first part doth hereby appoint the said party of the second part to transact business upon the following terms and conditions: The said party of the second part shall canvass personally and through subordinates for applications for assurance on the lives of individuals, and forward the same through the said party of the first part to said society; and if the risks are approved, and policies issued by said society, the said party of the second part shall collect, and forthwith pay over to the party of the first part, the premiums on assurance thus effected, unless otherwise directed by the said society. The brokerage to be allowed by said party of the first part on premiums for the first year of assurance on policies issued through the instrumentality of the said party of the second part shall be as follows: * * * (7) Brokerages shall accrue only as the premiums are paid in cash to the said party of the first part or said society. No policy or premium receipt shall be considered as settled for, nor shall any risk be assumed thereunder by said society unless the premium shall have been paid in cash to said society."

About January 5, 1895, the plaintiff, through his efforts, obtained an application of one David Haas for a policy of insurance to the defendant.　The amount of the policy was to be $10,000, and the premium $500.　This was received by the defendant, and acted on by the society, who thereupon had David Haas examined by the company's physician, one Dr. Fox.　Later Haas was accepted, and the policy of insurance issued to him.　It was, however, handed to the plaintiff, who delivered it to him.　The premium was not collected by plaintiff at this time, as Haas expressed a desire to have the policy already delivered to him changed to another kind of a policy. This was communicated to the defendant, the plaintiff taking Haas to the defendant, and he agreeing to change the same.　Thereupon this policy, the property of said Haas, was handed to said defendant, whose office was in connection with the Equitable Insurance Company's office.　Haas was some time later again examined.　The defendant afterwards, on demand, refused to grant the new policy just applied for, and also refused to return the one which had been granted and delivered, "on the specific ground that the said Haas was growing too fast."　Haas was at that time about 18 or 19 years old.　The defendant now refuses to pay these commissions, on the ground that the plaintiff should not have delivered the policy to Haas before he collected the premiums, and that his commissions depended on the payment to the defendant or to the society.

We think the defendant waived these conditions, and that there is sufficient evidence to sustain the verdict. Underwood v. Insurance Co., 57 N. Y. 500; Goodwin v. Insurance Co., 73 N. Y. 480. When the defendant agreed to give Haas a different policy, to wit, "endowment," in exchange for the one he then had, the defendant made no objection on the ground of the nonpayment of the premium, nor did he make any demand for the same; and finally, when he refused to return the same, he did not object to the giving of the policy on the ground that the premium had not been paid; for, if that were so, Haas could have paid it, or had his father pay it, or plaintiff could have paid it for him. It was in evidence that in some cases the premium had not been collected within a certain period, and that then the plaintiff paid it without objection. Haas never absolutely surrendered or gave up the first policy of insurance. He wished to change it from an "indemnity bond" to an "endowment policy," if the plaintiff would change it, and, if he would not, he was satisfied with the one he had. Upon the defendant's agreeing to change, he handed it to the plaintiff. This was therefore conditional, and, upon the refusal of the defendant to change it, Haas was entitled to a return of the same.

The case was properly tried, and fairly submitted to the jury, and we find no material error. Judgment is therefore affirmed, with costs. All concur.