A. D. Granger Company, Respondent, *v.* The Universal Machinery Corporation, Ltd., Appellant.

Second Department, July 9, 1920.

Sales — rejection of goods tendered on specific grounds — implied waiver of other objections — modification of contract that goods shall be " according to contract "— erroneous exclusion of evidence — new trial.

Where a party rejects goods tendered under an executory contract of sale and, with full knowledge of all the objections on which he might rely, deliberately and formally assigns the grounds of the rejection, all other objections are waived, which waiver differs from an estoppel.

Where in an action for the breach of a contract, based on the fact that the defendant refused to execute a second order for goods upon the ground that goods previously delivered and accepted by the defendant's inspector were not in fact " according to contract," the court erroneously excluded relevant evidence, a new trial will be granted.

The defendant by refusing to execute a second order on the ground that it was optional did not waive other objections.

Reargument of an appeal by The Universal Machinery Corporation, Ltd., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of June, 1918. (See 189 App. Div. 905, 942.)

*Clinton T. Roe* [*Charles P. Kramer* with him on the brief], for the appellant.

*Robert H. Wilson,* for the respondent.

Per Curiam:

When this case was previously before the court, we held that the contract required the defendant to give the delivery order for the second 100 lathes when " 50 of the first order have been delivered, according to contract." Fifty of the first order were manufactured and delivered f. o. b. New York. The defendant refused to order the second 100, and declined to proceed with the contract. We found that whether the defendant was bound to order the second 100 depended on the question of fact whether the first 50 delivered were " according to con-

tract; " and, as evidence offered by defendant upon this point was rejected, we ordered a new trial.

Upon motion by the plaintiff, we ordered a reargument upon the question whether the defendant had waived the objection that the first fifty machines did not comply with the contract. It is held that where a party rejects goods tendered under an executory contract of sale and formally assigns the ground of the rejection, all other objections are waived. (*Littlejohn* v. *Shaw,* 159 N. Y. 188.) This doctrine is too firmly imbedded in the law, as formulated in this State, to be questioned. It differs from estoppel and is often applied if the elements of estoppel *in pais* are not present. The doctrine seems to rest on the principle that a formal statement of objection implies that all have been considered, and that those not stated have been waived. It is, therefore, applied only when the party with full knowledge of all the objections on which he might rely deliberately and formally assigns certain objections and is silent as to others.

The lathes were manufactured in America. The defendant had an inspector present, and the inspector accepted the first 50, which were sent to Russia and France. On May 17, 1916, the defendant cabled: " Don't understand your two cables thirteenth nor appreciate their tons [tone?] therefore have instructed bankers we don't propose going beyond contract for first hundred lathes until opportunity examining lathes French shipment." On the thirtieth it cabled again: " Your lathe unsaleable here shall be unable obtain price paid you. Therefore wish herewith confirm previous notice. We indefinitely [definitely?] decided not to exercise our option further hundred. Absolutely fail to understand how you make out contract terms second hundred. Enter order twenty forming attachments hundred twenty-five dollars." A letter followed confirming the cablegram, and claiming that the second 100 was optional.

Waiver is usually a question of fact (*Alsens A. P. C. Works* v. *Degnon Cont. Co.,* 222 N. Y. 37), but we cannot find any evidence of intent to waive any rights under the contract; and waiver is always a question of intent. The result of holding a party to his formulated objection when there is no intent to waive others, may be reached if there is a ground

Fourth Department, July, 1920.                [Vol. 193.

for the application of the doctrine of estoppel. ( *Underwood v. Farmers' Joint Stock Ins. Co.*, 57 N. Y. 500.) But the elements of estoppel do not exist in this case, for, if the machines were not " according to contract," it was beyond remedy.

As we stated before, the act of the inspector in passing the first fifty may be evidence by way of admission that they were according to contract; but it is not conclusive, for the authority of the inspector was confined to accepting the first hundred, and the certificate of inspection itself in terms reserved the rights of the defendant under the implied covenant of warranty. If during the process of manufacture changes in construction of the lathes were introduced by agreement with defendant or its duly authorized agent, the lathes none the less were manufactured according to contract. The question must be decided upon all the evidence, and the exclusion of relevant evidence on this point was error.

The judgment should be reversed and a new trial granted, with costs to abide the event, and with the changes in the findings according to the order already entered.

MILLS, RICH, BLACKMAR and KELLY, JJ., concur; JENKS, P. J., not voting.

Judgment reversed on reargument and new trial granted, with costs to abide the event, and with the changes in the findings according to the order already entered.