JOHN PRENTICE, Respondent, *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY, Appellant.

No new consideration is required to support a waiver by an insurance company of a condition in a policy in respect to the time of serving proof of loss. A waiver may be established by proof of acts or conduct indicating an intention to waive such condition, occurring subsequent to the breach of the condition, although there is no new consideration, and although there may be no technical estoppel.

Defendant issued a policy of insurance upon the life of M. A condition in the policy provided that defendant should be notified forthwith of the death of the insured; also, that full proofs of loss should "be presented within twelve months from the time the loss occurs, or the claim will be forfeited." M., in December, 1867, with the knowledge and assent of defendant, assigned the policy to plaintiff, who thereafter paid the premiums. In July, 1872, plaintiff being about to go to Europe, paid to defendant's general agent, in advance, the premium for that year falling due in August. The question being raised as to the position of the parties in case the insured should die before such premium became due, said agent stated that defendant had agents who would know of the death before he could; if he advanced the money it would be returned, "and that there was no trouble at all in regard to that whole thing." Plaintiff returned in October, 1872. M. died in July, 1873, but his death did not become known to the parties until about July, 1875. Plaintiff paid the premiums for 1873 and 1874, upon receiving the usual notices from defendant of the day they would fall due; and defendant executed and delivered the usual renewal receipts. Immediately after being advised of M.'s death, plaintiff notified defendant of the fact, and upon application was furnished with blanks for proofs of loss, which proofs he prepared, stating therein the time of death, and delivered them to defendant

July 9, 1875. Defendant received and retained the proofs until some time in October, 1875, without objection, and then took the ground that the claim was forfeited, because proofs were not furnished within twelve months, making no offer to return the premiums received after the death, until after commencement of this action. *Held,* that the circumstances justified a finding of a waiver of the forfeiture, and by such waiver defendant was precluded from insisting upon the forfeiture as a defense.

(Argued May 23, 1879; decided June 10, 1879.)

Appeal from judgment of the General Term of the Superior Court of the city of New York in favor of plaintiff, entered upon an order directing judgment on a verdict taken subject to the opinion of the court at General Term. (Reported below, 11 J. & S., 352.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Henry W. Johnson,* for appellant. Plaintiff was obliged to comply with the conditions of the policy, unless performance was excused or waived. (Bliss on Life Ins. [2d ed.], 600; May on Ins., 583; *Riddlesbarger* v. *Hart. Ins. Co.,* 7 Wall., 386; *Roach* v. *N. Y. and Erie Ins. Co.,* 30 N. Y., 546; *Ripley* v. *Ætna Ins. Co.,* id., 136; *Ames* v. *N. Y. Un. Ins. Co.,* 4 Kern., 255; *Gamble* v. *Accid't Ass. Co.,* 4 Irish R., 204; *Smith* v. *Conn. Mut. Life Ins. Co.,* 4 Big., 421; *Schumacher* v. *Manhattan Life Ins. Co.,* 3 Ins. L. J., 455; *O'Reilley* v. *Guard. Mut. L. I. Co.,* 60 N. Y., 169, 173, 174.) The renewal receipts given by defendant could not operate to continue the policy in force. (*Simpson* v. *Acc. Death I. Co.,* 2 C. B. [N. S.], 257; *La Favour* v. *Ins. Co.,* 1 Phila. R., 558; S. C., 2 Big., 158; *Ins. Co.* v. *Wolff,* 5 Otto, 331, 333.)

*Wm. P. Prentice,* for respondent. Defendant could not profit by its own breach of faith in misleading a policy-holder by its representations into the omission of an act by which the policy became forfeited. (*Goodwin* v. *Mass. Mut. L.*

*Ins. Co.*, 7 Ins. L. J., 865, 866; 57 Barb., 518; *Leslie* v. *Knickerbocker L. Ins. Co.*, 63 N. Y. Esp., 33; *Mason* v. *Citizens F. and M. I. Co.*, 6 Ins. L. J., 847; *Palmer* v. *St. Paul F. and M. I. Co.*, 8 id., 671; *Stolle* v. *Ætna F. and M. I. Co.*, 6 id., 778; *Carter* v. *Scargill*, Queen's B. [L. R.], 564.) The performance of conditions precedent may be excused on proper grounds, if there be in other respects a faithful observance of the contract by the contracting parties. (*Stokes* v. *Recknagel*, 38 Sup. Ct. R., 383; *Mayor* v. *N. Y. and Ham. F. Co.*, 39 N. Y., 45; *Moses* v. *Bierling*, 31 id., 464; *Stolle* v. *Ætna F. and M. I. Co.*, 6 Ins. L. J., 784.) Both parties will be regarded as equally negligent, and it would be wrong to relieve one at the cost of enforcing a forfeiture against the other. (*Carpenter* v. *Stillwell*, 11 N. Y., 73; *Isham* v. *Buckingham*, 49 id., 216.) The condition is subsequent, not precedent. (*Hicken* v. *Mut. Ben. Life Ins. Co.*, 6 Lans., 21; *McNally* v. *Cont. L. I. Co.*, 66 N. Y., 24; *Goodwin* v. *Mass. Mu. L. Ins. Co.*, N. Y. Ct. App. [8 Ins. L. J.], 862; *Stokes* v. *Recknagel*, 38 Sup. Ct. R., 368.) Every intendment and fair and legitimate presumption are for the plaintiff. (*Fairfax* v. *N. Y. C. and H. R. R.*, 40 Sup. Ct. R., 128.) As it appears the defendant has had no injury, the failure of notice cannot work a forfeiture. (*Hoag* v. *McGinnis*, 22 Wend., 163; *Bumstead* v. *Dividend Mut. I. Co.*, 12 N. Y., 81; *Bradley* v. *M. Ben. L. I. Co.*, 45 id., 422; 2 Pars. Cont., 662; 4 Kent's Com., 129; *Southern I. Co.* v. *Wilkinson*, 5 Big. I. R., 75; *Pennell* v. *Chandler*, 5 Ins. L. J., 108; *Carter* v. *Scargill*, 10 Q. B., 564.) As the defendant agreed to continue the contract until August 10, 1875, and received its payments therefor, it was immaterial when it received proofs of death, if only prior to August 10, 1875. (*Mayor* v. *Hamilton Ins. Co.*, 39 N. Y., 45; *Mix* v. *Andes I. Co.*, 9 Hun, 399; *Ames* v. *N. Y. U. I. Co.*, 14 N. Y., 252.) The money paid the plaintiff by mistake, and for which the defendant offers judgment, could be recovered back in any event. (*Kelly* v. *Tolari*, 4 B. Ins. R., 583; 9 Niles & W., 54.)

ANDREWS, J. The facts in this case are peculiar. The action is upon an endowment policy issued by the defendant, August 10th, 1867, to and upon the life of one Edwin W. Mitchell, whereby the defendant, in consideration of the payment by the assured, during the life of the policy, of the annual sum of $337.40, insured him in the sum of $5,000, payable February 11th, 1883, — or in case of his death prior to that date, then within three months after due notice and satisfactory proof of his death. The sixth condition of the policy provides that the company shall be notified forthwith of the death of the insured, and that the owner of the policy shall, as soon as possible thereafter, deliver to the company as particular an account of the cause, time and place of death, and the circumstances attending the same, as the nature of the case will admit, and the ninth condition provides that "full proofs shall be presented within twelve months from the time the loss occurs or the claim will be forfeited." The insured, by a written assignment dated December 9th, 1867, assigned the policy to the plaintiff. The company, on the same day, was notified of the assignment, and by an indorsement thereon, signed by its president and secretary, approved the same and waived proof of interest in the plaintiff. The insured and the plaintiff at the time the policy was issued and the assignment made resided in Brooklyn. Mitchell was employed as a clerk in the post-office in the city of New York. The plaintiff after the assignment paid the premiums on the policy by his checks payable to the order of the company. About the 1st of July, 1872, the plaintiff, being about to leave the country on a visit to Europe, paid to the general agent of the defendant in advance the premium on the policy in question, which would become due August 10th, 1872, and on other policies held by him issued by the defendant. In the interview between the plaintiff and the general agent on this occasion the question was raised by the plaintiff as to the position of the parties in case the prepayment was made and the insured should die before the premium

became due. The agent replied that the company had agents who would know of the death before he could, and that in any case, if he advanced the money, it would be returned, " and that there was no trouble at all in regard to that whole thing." The plaintiff returned from Europe in October, 1872. The insured died at Montclair, New Jersey, July 27, 1873. But his death did not become known either to the plaintiff or the defendant until about July, 1875. The plaintiff paid to the defendant the premiums for the years 1873 and 1874, on the supposition that the insured was still living. In both years, before the payment was made, the defendant gave written notice to the plaintiff of the day the premium would fall due, and on receiving the premium executed the usual renewal receipt. In the latter part of June or early in July, 1875, the plaintiff was informed of Mitchell's death. He immediately notified the company of the fact and upon his application was furnished by the company with blanks to enable him to prepare proofs of loss, and they were prepared and delivered to the company July 9, 1875. The proofs were full and complete and informed the company of the death of Mitchell in July, 1873. The company retained the proofs of loss and it was not until some time in October, nearly or quite three months after they were served, that any objection was made to the allow- ance of the claim, and then for the first time the company took the position that the claim was forfeited for the reason that proofs were not served within twelve months after the death of the insured. It retained the money paid for pre- miums by the plaintiff after the death of Mitchell, and made, so far as appears, no offer to return them until after the commencement of this action. The defendant defends upon the sole ground that the claim on the policy was forfeited by failure of the plaintiff to furnish proofs within twelve months after the death of Mitchell. The answer sets up neither fraud nor breach of warranty, and expressly admits that the insured died from natural causes and that his death was not occasioned by any of the causes excepted

in the policy. There is no hint in the pleadings or evidence of any defense to the claim upon the merits. The defendant has the right, however, to stand upon the letter of the contract, and as it is undisputed that the proofs were not furnished within twelve months of the death, the claim, in the language of the condition, "is forfeited" unless the defendant has waived the default or otherwise precluded itself from taking advantage of the condition. We are of opinion that the circumstances justify the inference of a waiver by the defendant. It is plain that the defendant was not bound to take advantage of the forfeiture. The object of the provision in question is manifest. The policy provides that the company shall not be liable for death happening under certain circumstances, and it requires the claimant to furnish a particular statement of the time, manner and circumstances of the death, and it limits the time for doing this that the company may have a reasonable opportunity to investigate the truth of the statement. In this case the omission to comply with the condition as to time was the result of mistake. There can be no pretence. that the defendant had any just ground for insisting upon the forfeiture beyond that based upon the letter of the contract. The general agent assured the plaintiff in July, 1872, that the company's agents would know of the death of the insured before he would. The company had received the plaintiff's money for premiums for two years after the death of Mitchell and both parties supposed that during that time the policy was in force. When the fact that Mitchell had died in 1873 was ascertained the plaintiff acted with promptness and served his proofs on the defendant. Common fairness required that the company, if it intended to rely upon the technical defense now insisted upon, should then take its ground. It would not have changed the position of the plaintiff, but the question here is, did the defendant, by its silence, in connection with the other circumstances, justify the inference that it accepted the proofs as a compliance with the policy. It retained the premiums paid in 1873 and 1874, and did

not offer to return them. It is quite probable that the company could not under any circumstances refuse to return this money, but it is inconsistent with honesty and fair dealing that the company should hold this money, apparently claiming it, and yet intend to deprive the plaintiff of the benefit of the policy. We are of opinion that the natural and reasonable presumption is that the company retained the proofs because it elected to waive a technical defense, and thereby concluded itself from insisting upon the forfeiture. The circumstances presented a case wherein such an election was eminently just, and the company may have regarded the assurances of its general agent, made to the plaintiff in 1872, as calculated although not designed to mislead him and put him off his guard. It is now understood to be the doctrine of this court that no new consideration is required to support a waiver by an insurance company of a condition in respect to the time of serving proofs of loss, and that it may be done by acts or conduct occurring subsequent to the breach of the condition, indicating an intention to waive such condition, although there is no new consideration, and although there may be no technical estoppel. (*Goodwin* v. *Massachusetts Mutual Life Ins. Co.*, 73 N. Y., 480, and cases cited.)

The judgment should be affirmed.

All concur.

Judgment affirmed.