DESDA REYNOLDS, RESPONDENT,* *v.* THE EQUITABLE
ACCIDENT ASSOCIATION OF BINGHAMTON, N. Y.,
APPELLANT.

*Insurance policy — death through " lifting or over-exertion " — waiver by the company
of a provision as to notice of the accident.*

In an action upon a policy of accident life insurance, which provided that " no
claim shall be made under this certificate when the death or injury shall have
been caused in dueling, fighting, wrestling, lifting or by over-exertion," it
appeared that the insured was a bridge-builder, and that while engaged in
raising, with the men in his employ, the bent of a bridge " without any distress
to himself and as if he was able to do it," a post slipped from its position, the top
of the bent settled back, an unexpected weight was thrown upon the pike-poles
in the hands of the men and the insured was either struck in the side by the end
of his pole or subjected to a strain of great severity, was disabled from the
moment of the accident and died about ten days thereafter.

The only question submitted to the jury was whether the injury and death came
within the exception of the policy, as being caused by " lifting or over-exertion,"
in respect to which the court charged the jury, in substance, that the lifting or
over-exertion, to take the case out of the contract, must be a voluntary and
unnecessary act of the insured, one from which injury might reasonably be
anticipated, and which might, in the exercise of reasonable care, have been
avoided, and that an effort to lift or over-exertion, put forth in an emergency of
danger, as, for instance, in the effort to save one's self from being crushed by a
descending weight, was not within the exception of the policy.

*Held,* that the charge was correct.

Where a defense was interposed, in an action brought to recover upon a policy of
insurance, that the assured had not complied with a provision of the policy, to the
effect that " failure to give such immediate notice, mailed within five days from
the happening of such accident, shall invalidate all claims under this certificate,"
it appeared that, within a month after the accident, and about two weeks after
the death, the defendant having been informed of the case, sent an agent to the
widow " to see her about the insurance," and that he told her that her failure
to give the notice " did not make any difference because he (the insured) was
dead, if he had been hurt and was going to doctor up it would have made a
difference," and subsequently the president and secretary of the insurance com-
pany addressed letters to the person representing the plaintiff, requesting him
to advise the plaintiff not to make any claim, and announcing their decision,
evidently intended to be final, that she had no claim by reason of the manner
in which the injury was received and of the cause of death.

* Decided June, 1888.

*Held,* that, under these circumstances, a question was presented for the jury whether the acts and declarations of the defendant did not indicate an intention to waive the objection of a failure to serve a notice of the accident within the time mentioned in the policy.

Objection was raised by the defendant that the evidence on the subject of the cause of death was not, in the language of the policy, " direct and affirmative."

*Held,* that the language of the policy should not be construed to take the case out of the ordinary rules of evidence, and it was sufficient that the evidence under such rules established the fact.

APPEAL by the defendant, the Equitable Association of Binghamton, N. Y., from a judgment of the Supreme Court, entered in the office of the clerk of the county of Cayuga on the 18th day of October, 1887; also an appeal from an order denying defendant's motion for a new trial, entered in the office of the clerk of the county of Cayuga on the 5th day of January, 1888.

*Chapman & Lyon,* for the appellant.

*H. Greenfield,* for the respondent.

DWIGHT, J.:

The action was on a policy of life insurance, issued in the form of a certificate of membership in the defendant association, on the life of George A. Reynolds, payable to the plaintiff, his wife. .

The assurance was in case of death resulting only from " bodily injuries effected through external, violent and accidental means."

Condition No. 2 of the certificate contained the following proviso : "And no claim shall be made under this certificate when the death or injury shall have been caused by dueling, fighting, wrestling, lifting or by over-exertion."  Condition No. 5 provided for immediate notice in writing of the accident to be given to the secretary of the association, and that " failure to give such immediate notice, mailed within five days from the happening of such accident, shall invalidate all claims under this certificate."

The undertaking of the defendant was to pay " the principal sum, not exceeding $3,000, realized upon an assessment " in accordance with its by-laws.

The insured was a bridge-builder : and on the 16th of December, 1886, was engaged with the men in his employ in raising the bents of a bridge.  Several of the bents had already been raised

without difficulty or accident; the plaintiff, as one of the witnesses testified, working "without any distress to himself, as if he was able to do it." At last, as the evidence tended to show, the foot of one of the posts, when the bent was raised about half way to the perpendicular, slipped from its position, the top of the bent settled back, an unexpected weight was thrown upon the pike-poles in the hands of the men, and the insured was either struck in the side by the end of his pole, or subjected to a strain of great severity. He was disabled from the moment of the accident and died on the twenty-seventh day of the same month.

On the trial the charge of the court referred to this injury as the cause of death; and no exception was taken to such reference, nor was any request made to submit that question to the jury. The only question submitted was, whether the injury and death was excepted by the policy as being caused by "lifting or over-exertion." The instruction in that respect was, in substance, that the lifting or over-exertion, to take the case out of the contract, must be a voluntary and unnecessary act of the insured; one from which injury might reasonably be anticipated, and which might, in the exercise of reasonable care, have been avoided; and that an effort to lift, or over-exertion, put forth in an emergency of danger, as, for instance, in the effort to save one's self from being crushed by a descending weight, was not within the exception of the policy. The instruction was correct and the exceptions to the charge do not avail the defendant.

A motion for a nonsuit was made on many grounds, some of which relate to the insufficiency of the evidence as to the cause of death. In regard to those objections but little need be added to what has already been said. There was ample evidence to go to the jury in support of the plaintiff's allegation that the death resulted solely from the accident described, and that the accident was within the meaning and intent of the contract of insurance.

The objection that the evidence on the subject was not, in the language of the policy, "direct and affirmative," was untenable. The evidence was sufficient within the rules of law, and the language of the policy cannot be construed to take the case out of the ordinary rules of evidence. The objection that an action at law will not lie to recover a sum insured, to be realized by an assessment,

was properly overruled under the decisions of the General Terms in the third and fourth departments, which we are content to follow. (*Freeman* v. *National Benefit Soc.*, 5 N. Y. St. Rep., 82; *O'Brien* v. *Home Benefit Soc.*, 11 id., 810; *Fulmer* v. *Union Mutual Assn.*, 12 id., 347.)

The remaining question in the case was raised by the defendant's motion for a nonsuit, on the ground of the failure to give the notice of the accident required by condition No. 5. The fact of such failure was admitted by the complaint, and the only question was whether, as alleged in the complaint, the condition was waived by the defendant after default. That question was raised on the trial only by the motion for a nonsuit; the defendant did not ask to have it submitted to the jury as a question of fact. Unless, therefore, the court would have been justified in holding, as matter of law, that there was no waiver, the defendant is concluded by the refusal of the court to nonsuit on that ground.

The facts in evidence on this branch of the case were, that within a month after the accident, and about two weeks after the death, the defendant having become informed of the case, sent an agent to the widow "to see her about the insurance;" that he told her that her failure to give the notice "did not make any difference, because he (the insured) was dead; if he had been hurt and was going to doctor up, it would have made a difference," and he promised the plaintiff that he would see that she was notified what the company would do. Subsequently the president and secretary of the defendant both addressed letters to a gentleman who was acting for the plaintiff, and who had written for blank proofs of loss, requesting him to advise the plaintiff not to make any claim, and announcing their decision, evidently intended to be final, that she had no claim by reason of the manner in which the injury was received and of the cause of death.

Upon these facts, and under the rule established by several recent and controlling decisions, we think there was, at least, a question for the jury whether the acts and declarations of the defendant did not indicate an intention to waive the objection of failure to serve in time the notice of the accident. (*Prentice* v. *Knickerbocker Life Ins. Co.*, 77 N. Y., 483; *Brink* v. *Hanover Fire Ins. Co.*, 80 id., 108; *Baker* v. *N. Y. State Mut. Ben. Assn.*, 9 N. Y. St. Rep., 653.)

In the first of these cases the rule is stated by Andrews, J., and in the second, quoted by Church, Ch. J., that the waiver by an insurance company of the condition in respect to the time of serving proofs of loss may be made " by acts or conduct occurring subsequent to the breach of the condition, indicating an intention to waive such condition, although there is no new consideration and although there may be no technical estoppel."

Manifestly, if there was any conflict of evidence on the question of the intention to waive, or if the case was one in which different inferences might be drawn by different minds from the same facts, it was a question for the jury, It was not error, therefore, for the court to deny the motion for a nonsuit on the ground last considered. There are no other exceptions in the case which seem to require discussion.

The judgment and order appealed from should be affirmed.

All concur.

Judgment and order affirmed.