Oweít McGtiveew, J.
Plaintiff moves for a temporary injunction restraining the sale of certain securities by advertised sale on December 19, 1957, or from conducting any sale thereof, except in accordance with the provisions of the Lien Law and the common-law duties of the pledgee with respect to the stock. Plaintiff had made and delivered to the defendant, Standard Financial Corporation, a renewal note in the sum of $275,000, due September 28, 1956. As collateral, plaintiff also delivered a substantial block of the capital stock of Spear & Company. Following default upon the note, negotiations and discussions ensued, with an effort by the defendant to acquire, through the pledged Stock, a controlling interest in the corporation. Finally, after several months of forbearance and extensions of time for payment, on November 15, 1957, defendant made demand for payment not later than November 29, 1957, and on December 4, 1957, plaintiff received notice of sale of the pledge on December 19, 1957. Seemingly, the notice does not comply with the Lien Law, but, as defendant urges, the note contains a provision as follows: ‘ ‘ Upon the non-payment of this note or of any of said liabilities when becoming due or made due, said Company is hereby authorized immediately or from time to time to sell, assign, deliver, and/or give one or more options to purchase the whole of said property of every description, or any part thereof, or any substitution therefor, or any additions thereto, or any other property at any time given to or left in the possession or custody of said Company for any purpose (including safekeeping or pledge for any liability of the undersigned) by or for the undersigned, in which the undersigned may have any interest or power, including power of hypothecation or disposition at any Brokers’ Board or Exchange, or at public or private sale for cash, upon credit or for future delivery, all at the option and in the complete discretion of said Company or any of *660 its officers, without either demand, advertisement or notice, which are hereby expressly waived. ’ ’ The first cause of action is based upon the theory of failure to comply with the Lien Law, and the second cause is based on the theory that the defendant waived any right or remedy, save by compliance with the Lien Law. A preliminary objection is raised by defendant that the plaintiff is not the party in interest since he has fully assigned, all his rights and interest in the pledge. It appears, however, that the assignment was given merely as security for an indebtedness owing to the assignee.
In Toplitz v. Bauer (161 N. Y. 325, 333) the Court of Appeals said of the pledgee: 11 But if he waives the right to exact strict performance, and gives time and indulgence to the debtor, he cannot recall this waiver at his own option without notice to the pledgor, to the end that the latter may have an opportunity of protecting the pledge. The good faith which the law exacts from a person dealing with trust property will not permit the pledgee, after having once waived the forfeiture or the right to dispose of the pledge upon default of payment at the prescribed time, to suddenly stop short and insist upon the forfeiture for the non-payment of the debt when the other party is unprepared to redeem. Strict performance in such cases may be waived by any agreement, declaration or course of conduct on the part of the pledgee which leads the owner to believe that a forfeiture will not be insisted upon without an opportunity given him to redeem (Insurance Co. v. Eggleston, 96 U. S. 577), and no new or independent consideration is required to support a waiver of a condition in a contract requiring payment to be made upon a date designated. (Prentice v. K. L. Insurance Co., 77 N. Y. 483; Underwood v. F. J. S. Ins. Co., 57 N. Y. 500.)” Apart therefrom, there is some evidence that defendant may have departed from strict reliance upon the terms of the note in that it demanded the payment of interest in an amount different from that provided in the note. Moreover, it claims that the notice of sale complies with the Lien Law, but seemingly it does not in that it fails to give the required notice as to the time of sale after the expiration of the time for redemption. Thus, having negotiated with plaintiff and extended the time for payment, plaintiff contends that “ A pledgee’s duty adequately to advertise his sale is not imposed by any statute but by ‘ the general maxims of equity ’ which govern pledges (Toplitz v. Bauer, 161 N. Y. 325, 332). Equity assigns to pledgor and pledgee a trust relationship with resulting obligations on the pledgee (Torrey v. Bank of Orleans, 9 Paige Ch. 649, 663; Toplitz v. Bauer, supra, p. 332; Jones v. National Chautauqua *661 Bank, 272 App. Div. 521, 527; Colebrooke on Collateral Securities [2d ed.], § 87). One of those obligations (on mortgagee and pledgee) is to ‘ use every effort to sell the estate under every possible advantage of time, place, and publicity ’ (Perry on Trusts and Trustees [4th ed.], § 602o; see Cole v. Manufacturers Trust Co., 164 Misc. 741, 747). The pledgee must do nothing to impair the pledge’s value (Toplitz v. Bauer, supra; Gillet v. Bank of America, 160 N. Y. 549, 560, and authorities cited).” (Matter of Kiamie, 309 N. Y. 325, 330.) There, the note provided for sale of the pledge upon default “ at any time or times either at the New York Stock Exchange or at any other Exchange or at any broker’s board, or at public or private sale, either for cash or on credit or for future delivery, without demand, advertisement or notice, which are hereby waived * * *. Upon any sale as aforsaid, the Trust Company may purchase and hold the whole or any part of the property sold, free from any claim or right of redemption of the undersigned, which is hereby waived and released.” (P. 329.)
Defendant contends that the amendments and additions to secsions 202 and 202-a of the Lien Law, effective April 25, 1957, were made as a result of the Kiamie decision (supra) and relies particularly on that portion of section 202-a which reads: “ Nothing in this section or in section two hundred two shall be construed to invalidate any sale of such a security made in accordance with the provisions of an applicable agreement.” Apart from any question of retroactivity, the issue of waiver still remains. The elements of time of sale, advertising and redemption were not amended.
Accordingly, under all the circumstances, there are issues that require trial before the plaintiff’s rights are drastically affected by proceeding under the notice as given. The motion is granted. Suggestions as to the amount of bond will be received upon the settlement of the order, and the order itself may contain a provision setting the case down for an early trial.
Settle order.