**NASSAU–SUFFOLK ICE CREAM, INC., Robyn Ice Cream, Inc., Kings County Ice Cream, Inc., North Shore Ice Cream, Inc., Central Nassau Ice Cream, Inc., Carolyn Ice Cream, Inc., Lori Ice Cream, Inc., John Luciani, and Bernard Rodin, Plaintiffs,**

v.

**INTEGRATED RESOURCES, INC., Integrated Food Systems, Inc., Steve's Franchise Company, Inc., Steve's Homemade Ice Cream, Inc., Richard Smith, Seymour Deutsch, and Andal Corporation, Defendants.**

**KAUFMANN, CAFFEY, GILDIN, ROSENBLUM & SCHAEFFER, Applicant,**

v.

**C.H. BABB CO., INC., Respondent.**

**No. 86 Civ. 1766 (MP).**

United States District Court, S.D. New York.

April 28, 1988.

Cohen & Adolph by Alan S. Adolph, New York City, for applicant.

Ferber Greilsheimer Chan & Essner by Robert N. Chan, New York City and Goldstein & Manello by Carl K. King, P.C. and Brooks S. Thayer, Boston, Mass., for respondent.

## OPINION

MILTON POLLACK, Senior District Judge.

The firm of Kaufmann, Caffey, Gildin, Rosenblum & Schaeffer is moving, pursuant to Fed.R.Civ.P. 60(b)(2), for relief from the final order of this Court, dated March 4, 1987, imposing sanctions against it under Rule 11.

The sanctions were imposed because the Court found that the present moving party, as the original attorneys for the plaintiff in the underlying action herein, chose to name as a defendant a party with virtually no connection to the alleged wrongdoing and failed to conduct a reasonable investigation in order to certify legitimately that the allegations had substance. *Nassau–Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.*, 114 F.R.D. 684 (1987) (Pollack, J.). The moving party now claims that it has discovered evidence in the course of prosecuting another action against some of the same defendants which "places in doubt" representations made by C.H. Babb Co., Inc. to the Court incident to the Rule 11 motion.

The proffered newly discovered evidence consists of (1) a sales order dated October 13, 1983, for 30 ice cream machines to be manufactured by Babb for Steve's Ice Cream, Inc. and (2) circumstantial evidence of an additional agreement between the two for the purchase of 100 ice cream machines. In addition, the October 13, 1983, sales order contains a rider, allegedly varying Babb's standard contractual terms, which provides:

> Seller's sole remedy shall be to retain the 25% deposit of the total amount of the sales prices specified herein and to receive reimbursement for all component parts of the machines purchased by it until such time.

The moving party claims that this proffered evidence demonstrates the previously alleged economic connection between Babb and Steve's sufficient to justify the assertion of an illegal tying arrangement by the plaintiff franchisees.

These sales orders apparently represented commitments by Steve's, accompanied by a 25% deposit, to induce Babb to gear up for production of these specially manufactured machines so that units would be available when subsequently ordered by restaurant equipment supply houses on behalf of franchisees. Upon payment by the supply houses for units shipped, Babb would refund a proportionate part of Steve's' deposit.

Rule 60(b)(2) provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

To establish a ground for relief under Rule 60(b)(2), the applicant must show that (1) the newly discovered evidence is of facts existing at the time of trial; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not

merely cumulative or impeaching of evidence already offered. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2808, at 55–60, § 2859, at 182–185 (1973).

Movants offer proof that the new evidence existed prior to this Court's decision, but was not discovered by them until after that decision. The movant implies that this evidence was within the knowledge of the party which sought and obtained the sanctions from which movant seeks relief, but may have been withheld from it and this Court. The moving party thus questions Babb's "candor" although it is not moving, pursuant to Rule 60(b)(3), for relief due to fraud, misrepresentation or other misconduct of an adverse party. This, however, still does not cure the stark defects of the movant's investigation prior to signing the pleading. To have this Court vacate its prior order, the moving party was obligated to show reasonable inquiry sufficient to support the allegations as well as showing that the effect of the new evidence would be to warrant a change in the result.

A motion for relief under Rule 60(b) is addressed to the sound discretion of the Court. *See Altman v. Connally,* 456 F.2d 1114, 1116 (2d Cir.1972) (per curiam). It allows extraordinary judicial relief and thus should be invoked only upon a showing of extraordinary circumstances. *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986). It is not a substitute for appeal and may not be used to relitigate the basis of the prior order. *Id.; Competex, S.A. v. LaBow,* 783 F.2d 333, 335 (2d Cir.1986).

The proceedings in the Court of Appeals show that a notice of appeal was filed on April 9, 1987, and on April 15 a scheduling order was filed directing that the record be filed on April 29, the appellants' brief be filed on May 6, the appellees' brief on May 27, and argument was set for the week of June 8, 1987. The record further shows that the scheduling order provided that in the event of default by the appellant the appeal would be dismissed forthwith; that the appellant so defaulted; and that the appeal was dismissed on May 15, 1987, by order of the Court of Appeals. The moving parties did nothing further to question the sanctions by appeal and ultimately paid the sanctions to Babb.

The moving party has not shown that the newly discovered piece of evidence would somehow change the result of the former ruling. The insufficiency of the investigation which preceded bringing in Babb as a party has not been overcome. The movant's contention at oral argument that Babb stood to earn "three times as much" if the machines were ordered by and sold to franchisees is a mere assumption and, moreover, is irrelevant to an antitrust claim and could not warrant pleading an antitrust claim thereon. Steve's payment covering Babb's development costs if orders were not placed by franchisees would not ground an antitrust tie-in claim. It, per se, would not have provided counsel with any indication for assertion of an unreasonable restraint of competition sufficient for an antitrust charge.

In short, there is no merit to the motion and, in the exercise of the Court's discretion, the motion is in all respects denied.

So ordered.