OGDEN CORPORATION, Avondale Industries, Inc. and Connell Limited Partnership, Plaintiffs,

v.

The TRAVELERS INDEMNITY COMPANY and American Motorists Insurance Company, Defendants.

The TRAVELERS INDEMNITY COMPANY, Third–Party Plaintiff,

v.

EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company and National Union Fire Insurance Company, Third–Party Defendants.

88 Civ. 4269 (RPP).

United States District Court, S.D. New York.

Feb. 26, 1990.

**144**

Fryer, Ross & Gowen, Hugh N. Fryer, New York City, for plaintiffs.

Simpson Thacher & Bartlett, Seth Ribner, New York City, for defendant the Travelers Indem. Co.

Drinker Biddle & Reath, James M. Sweet, Philadelphia, Pa., for American Motorists Ins. Co.

Bivona & Cohen, Gregory J. DeGulis, New York City.

Seward & Kissel, Dale C. Christensen, Jr., New York City.

ROBERT P. PATTERSON, Jr.,
District Judge.

Plaintiffs have moved this Court, pursuant to Rule 59 or, in the alternative, Rule 60(b) of the Federal Rules of Civil Procedure, for a rehearing and reconsideration of this Court's Opinion and Order of September 22, 1989 ("September 22 Opinion"), denying plaintiffs' motion for partial summary judgment as to defendants' duty to defend plaintiffs under their respective insurance policies and granting defendants' cross-motions for summary judgment. Plaintiffs raise two issues.

1. *The Pollution Exclusion*

In light of the recent decision in *Avondale Industries, Inc. v. The Travelers Indemnity Co.*, 887 F.2d 1200 (2d Cir.1989), and the denial of the petition for rehearing in the same case, *Avondale Industries, Inc. v. The Travelers Indemnity Co.*, 894 F.2d 498 (2d Cir.1990), the parties are ordered to appear on March 7, 1990 at 4:00 p.m. for reargument of the issue of the applicability of the "sudden and accidental" exception to the pollution exclusion clauses.

No written submissions will be accepted unless ordered by the Court.

2. *The Notice to AMICO*

To the extent plaintiffs' motion asks the Court to reconsider that portion of the September 22 Opinion granting summary judgment to defendant American Motorists Insurance Company ("AMICO") on the grounds that AMICO was not timely notified of the occurrence which triggered AMICO's policy, the motion is denied.

Plaintiffs argue that the Court overlooked *Autotronic Systems v. Aetna Life & Cas.*, 89 A.D.2d 401, 456 N.Y.S.2d 504 (3d Dep't 1982) in granting summary judgment to AMICO. Plaintiffs assert that *Autotronic* requires this Court to hold that the notice to AMICO was adequate, given that a second insurer, Travelers, had received timely notice in 1985 and it was not "readily apparent" that the AMICO policy period would be implicated.

In *Autotronic*, the underlying suit was commenced against the insured by service of a summons in December 1977, at which time the then current insurer was notified of the suit. A second, prior carrier was not notified of the suit until after the complaint was served in June 1978. The court held the latter notice timely, stating that "only when the complaint in the [underlying] action was served did it become readily apparent that defendant Aetna was on the risk during the period when some or all of the injuries first manifested themselves." *Id.*, 456 N.Y.S.2d at 506.

■ *Autotronic* differs from the present case because it involved the insured's failure to give prompt notice of the underlying suit, not of the occurrence. Here, AMICO's late notice defense is based on the notice of occurrence provision in the policies, not on the notice of suit provisions. Secondly, in *Autotronic* the underlying action was commenced by the service of a summons only, which did not advise the insured of the substance of the claims. In this case, as was decided in the September 22 Opinion, plaintiffs were aware before the actual complaint was filed that a claim was likely with respect to their scrap metal

operations, which were conducted from 1950 through 1983. The July 1985 letter from Bethlehem put plaintiff on notice that Bethlehem would contend that plaintiff's scrap metal operations were the cause of the pollution. Moreover, by letter of June 27, 1986 plaintiff's in-house legal counsel took the position that the pollution could have been caused long before the Travelers policies were in effect, indicating that he was aware the AMICO policies might be at issue.

The Second Circuit set forth the rule for notification of occurrences in *Commercial Union Ins. Co. v. International Flavors & Fragrances*, 822 F.2d 267 (2d Cir.1987) that "[t]he test for determining whether the notice provision has been triggered is whether the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim." *Id.* at 272. That is the test to be applied by this Court, whether two insurers are involved or one. Having applied that test in the September 22 Opinion, the Court finds no basis for a rehearing of the matter.

Plaintiffs also cite for the first time *Prentice v. Knickerbocker Life Insurance Co.*, 77 N.Y. 483 (1879), where a four month delay by the insurer in disclaiming liability was held to be a waiver of the defense of untimely notice, in support of their argument that AMICO waived its right to object to plaintiffs' untimely notice because of its own 10-week delay in disclaiming liability. Plaintiffs, however, have not demonstrated that *Prentice*, a case which certainly could have been raised on the initial motion, requires this Court to conclude that AMICO's disclaimer was not given within a reasonable time.

Lastly, plaintiffs have submitted allegedly new evidence that AMICO is chronically slow in responding to claims submitted to it by its insureds. Plaintiffs submit an affidavit of Bert L. Weber, which states that AMICO took four months to respond to a letter notifying AMICO of a different environmental insurance matter, and that when it did respond AMICO said only that a response to the letter was being processed. Plaintiffs argue that this demonstrates the futility of giving notice to AMICO. Such anecdotal evidence, however, does not establish that notice to AMICO with respect to the present matter would have been futile.

Plaintiffs' remaining arguments are simply restatements of prior arguments considered and rejected by the Court.

Accordingly, this second prong of plaintiffs' motion must be denied. *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985); *Nassau–Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.*, 683 F.Supp. 452, 454 (S.D.N.Y.1988).

SO ORDERED.